RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R MOORE-CLERK
DATE 4/13/09

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| GREGORY J. LOGAN | CIVIL ACTION NO. 07-1116 |
| VERSUS | JUDGE DOHERTY |
| HIT OR MISS, LLC, ET AL. | MAGISTRATE JUDGE HILL |

### AMENDED RULING[1]

At a telephone conference held February 5, 2009, the Court ordered the parties to file briefs addressing subject matter jurisdiction over their claims in this matter.[2] [Doc. 155] All briefing has now been completed. For the reasons that follow, the Court finds both plaintiff and counterclaimants have failed to carry their burden of proof to show this Court has subject matter jurisdiction over the claims filed in this matter.

On July 3, 2007, plaintiff Gregory J. Logan filed a complaint in this Court, seeking a declaratory judgment "confirming his authority to continue to serve as Manager of Hit or Miss, L.L.C. ("Hit or Miss") until such time as a successor Manager may be elected and qualified, as provided both in the Articles or [sic] Organization and the Operating Agreement; and for any other relief that is just and equitable under the circumstances." [Doc. 1 (prayer for relief)] Mr. Logan named the following entities and persons as defendants:

> Hit or Miss, L.L.C. ("the Company"), a Wyoming Limited Liability Company with its principal office in Bee County, Texas, Travcal Properties, L.L.C., a single-member Louisiana limited liability company, with its sole member being Jerome J. Klawitter, a Trustee of the Texada Trust, a Texas resident and domiciliary; and William E. Logan, Jr., who is Trustee of the Sa-Jes Trust, a Texas resident and domiciliary.

---

[1] The Original Ruling [Doc. 200] has been amended only to correct n.17 and to insert paragraph indentations on page 4 of the Original Ruling.

[2] Jurisdiction over all claims and counterclaims is premised upon diversity of citizenship. 28 U.S.C. § 1332.

[Doc. 1, ¶ 1]

Jurisdiction over this matter is premised solely upon 28 U.S.C. § 1332 (diversity of citizenship).[2] Plaintiff supports his assertion of subject matter jurisdiction in the complaint as follows:

> (a) the plaintiff is domiciled in Louisiana; (b) the defendants are: (I) [sic] a limited liability company, with its principal place of business in Texas (ii); a Trustee domiciled in Texas; (iii) and a single member Louisiana limited liability company whose single member is a Texas resident (citizenship of this limited liability company is that of its member for diversity purposes) and © [sic] the amount in controversy exceeds $75,000, exclusive of interest and costs.

[Doc. 1, ¶ 2]

All parties and this Court agree plaintiff Gregory J. Logan is a citizen of the State of Louisiana. However, for the reasons that follow, the Court finds both Hit or Miss and the Sa-Jes Trust[3] are citizens of both the State of Texas and of Louisiana, and thus complete diversity is lacking over the complaint. Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806).

The Court begins with the well-settled rule that "[f]ederal courts are courts of limited jurisdiction having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress."[4] Johnson v. U.S., 460 F.3d 616, 621, n.6 (5th Cir. 2006).

---

[2] A federal court's diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

[3] An examination of all pleadings in this matter makes it apparent Mr. William E. Logan, Jr. has been sued only in his capacity as Trustee of the Sa-Jes Trust. No specific allegations are asserted against Mr. William Logan or the Sa-Jes Trust anywhere in the complaint.

[4] With regard to diversity jurisdiction, federal courts' jurisdiction has been further narrowed over time, beginning with Chief Justice Marshall's ruling in Strawbridge, *supra* (interpreting the diversity jurisdiction statute as requiring complete diversity), and later through successive amendments to the diversity jurisdiction statute, each raising the "amount in controversy" required for diversity jurisdiction to exist.

Where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal tribunal poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect. Thus, the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.

B., Inc. v. Miller Brewing Co., 663 F.2d, 545, 548-49 (5th Cir. 1981). Finally, "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking. This is the first principle of federal jurisdiction." Stockman v. Federal Election Com'n, 138 F.3d 144, 151 (5th Cir. 1998) (internal quotations omitted).

A limited liability company is a citizen of all of the states of which its members are citizens. Harvey v. Grey Wolf Drilling Co., 543 F.3d 1077 (5th Cir. 2008).[5] Accordingly, the citizenship of

---

[5]While the Supreme Court has not directly addressed the citizenship of an L.L.C. for diversity jurisdiction purposes, every circuit addressing the issue has found an L.L.C.'s citizenship is determined by the citizenship of all of its members. See Handelsman v. Bedford Village Assocs. Ltd. P'ship, 213 F.3d 48, 51 (2nd Cir. 2000); General Technology Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir. 2004); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); GMAC Commercial Credit LLC v. Dillard Dep't. Stores, Inc., 357 F.3d 827, 828-29 (8th Cir. 2004); Johnson v. Columbia Props. Anchorage LP, 437 F.3d 894, 899 (9th Cir. 2006); Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004). This treatment of limited liability companies is in accord with the Supreme Court's consistent refusal to extend the corporate citizenship rule (*i.e.*, a corporation is deemed a citizen only of the state where its principal place of business is located and the state in which it is incorporated - 28 U.S.C. § 1332(c)(1)) to non-corporate entities, including those that share some of the characteristics of corporations, such as limited liability companies. See e.g. Chapman v. Barney, 129 U.S. 677 (1889) (a joint stock company is a citizen of all of the states of its members); Great Southern Fire Proof Hotel, Co. v. Jones, 177 U.S. 449, 456-57 (1900) (refusing to extend the corporate citizenship rule to a "limited partnership association" although it possessed "some of the characteristics of a corporation"); Carden v. Arkoma Assoc., 494 U.S. 185 (1990)(The citizenship of limited partners had to be taken into account to determine diversity of citizenship among the parties in an action brought by a limited partnership). This Court additionally notes the following dicta from Carden:

> Fifty states have created, and will continue to create, a wide assortment of artificial entities possessing different powers and characteristics, and composed of various classes of members with varying degrees of interest and control. Which of them is entitled to be considered a "citizen" for diversity purposes, and which of their members' citizenship is to be consulted, are questions more readily resolved by legislative prescription than by legal reasoning, and questions whose complexity is particularly unwelcome at the threshold stage of determining whether a court has jurisdiction. We have long since

Hit or Miss turns on the citizenship of all of its members. All parties agree the two members of Hit or Miss are Travcal, L.L.C. and the Sa-Jes Trust.

The sole member of Travcal Properties, L.L.C. is the Texada Trust.[6] [Doc. 162-2, Exh. A] For diversity purposes, the citizenship of a trust is determined by the citizenship of each of its trustees. Bass v. International Broth. of Boilermakers, 630 F.2d 1058, 1067 (5th Cir. 1980) (citing Thomas v. Board of Trustees of Ohio State University, 195 U.S. 207 (1904)); United Steelworkers of America v. R. H. Bouligny, Inc., 382 U.S. 145 (1965)).[7] In this matter, a review of the Affidavit filed by Jerome J. Klawitter, Trustee of the Texada Trust, as well as a review of the trust document itself, reveals the Texada Trust should be deemed a Texas citizen, as Mr. Klawitter is presumed a citizen of the State of Texas.[8]

As earlier noted, the second member of Hit or Miss is the Sa-Jes Trust. A review of the trust

---

decided, having established a special treatment for corporation, we will leave the rest to Congress; we adhere to that decision.

Carden at 1022.

[6]When a member of an L.L.C. is itself an L.L.C. (*i.e.* "Travcal, L.L.C."), the Court must inquire into the citizenship of the member L.L.C. Harvey, *supra*; Village Fair Shopping Center Co. v. Sam Broadhead Trust, 588 F.2d 431, 433, n.1 (5th Cir. 1979).

[7]*See also* Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894 (9th Cir. 2006); May Dep't. Stores Co. v. Fed. Ins. Co., 305 F.3d 597 (7th Cir. 2002); Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334 (11th Cir. 2002); Lenon v. St. Paul Mercury Ins. Co., 136 F.3d 1365 (10th Cir. 1998); Belle View Apartments v. Realty ReFund Trust, 602 F.2d 668 (4th Cir. 1979); *but see* Emerald Investors Trust v. Gaunt Parsippany Ptnrs, 492 F.3d 192 (3rd Cir. 2007) (holding that for diversity of citizenship purposes, a trust is a citizen of the states where its trustees are citizens, as well as the states where its *beneficiaries* are citizens).

[8]All documents, including the trust itself, identify Mr. Klawitter not as a citizen, but rather as a "resident" of Texas. Citizenship, for diversity purposes, is determined by "domicile," which is defined as "permanent residence in a particular state with the intention of remaining." Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954). Residency does not necessarily equate with citizenship, although it is *prima facie* evidence of domicile. Id. No party argues Mr. Klawitter is not a citizen of Texas.

document reveals William E. Logan, Jr. serves as the "Trustee"[9] and Thomas R. Juneau serves as the "Special Trustee."[10] [Doc. 163-2, p. 1] The document describes the Trustee's powers as follows:

> The Trustee shall have and in his uncontrolled discretion may exercise all the rights, powers, and authorities that may be conferred upon trustees under applicable law. If a question should arise as to whether the Trustee has a particular power, the trust shall be liberally construed as granting such power. Should future changes in the law expand the powers of trustees, the Trustee shall have those expanded powers. Without limiting the foregoing, the Trustee is hereby expressly granted the following rights, powers, and authorities . . . .

[Doc. 163-2, p. 3] The document then lists certain express "rights, powers and authority" of the Trustee.

The trust defines the Special Trustee's powers as follows:

The Special Trustee shall make all decisions related to accumulation of income, invasion of principle, making loans from the trust, early termination, or exercising any other power which would result in the trust property being included in Settlor's estate.

. . . .

## II. DURATION

. . . .

**2.3 Early Termination.** At the direction of Thomas R. Juneau acting as Special Trustee, the Trustee may terminate the trust if in the Special Trustee's sole discretion and judgment the value of the trust property no longer justifies the expense of trust management.

## III. DISTRIBUTIONS

**3.1 Income Distribution.** The Trustee shall distribute current trust

---

[9]William E. Logan, Jr. is also the Settlor.

[10]Plaintiff Gregory J. Logan, Sr. is the beneficiary of all trust income during his lifetime. Upon his death, various other family members become beneficiaries of the trust.

> income at least annually unless directed to the contrary by Thomas R. Juneau acting as Special Trustee. . . .
>
> **3.2 Invasion of Principal.** At the direction of the Special Trustee, the Trustee may distribute principal to the initial income beneficiary or apply principal for the initial income beneficiary's benefit at such time and in such amount as the Special Trustee determines, in his sole and absolute discretion, to provide for the beneficiary's support, maintenance, education, health, medical expenses, or welfare, should all other sources of available income, in addition to his interest in the trust, prove insufficient for these purposes. . . .
>
> . . . .
>
> **V. TRUSTEE POWERS**
>
> . . . .
>
> **U. Lending.** At the direction of the Special Trustee, the Trustee may make loans of trust property to such persons, firms, partnerships, corporations, or political subdivisions, including businesses or business interest as the Trustee may hold in trust, and to beneficiaries of any trust, for such purposes and for such periods, in such amounts and at such rates of interest, with or without security, and subject to such other terms as she may determine. The Trustee shall not, however, make any loan of trust funds to himself.

[Doc. 163-2, pp. 1, 2-3, 9][11]

Plaintiff argues this Court should determine the citizenship of the Sa-Jes Trust by looking only to the citizenship of its Trustee, William E. Logan, Jr., without regard to the citizenship of the Special Trustee, Mr. Thomas R. Juneau. Plaintiff's argument on this issue (in its entirety) is as follows:

---

[11]The stated purpose of the trust is for "the financial security of the beneficiaries and at achieving the orderly and efficient administration of the trust property." [Doc. 163-2, p. 12] The Court additionally notes the Trust document provides, "the Trustee is relieved from all liability in connection with the administration of the trust . . . ." [Id. at p. 11] No similar provision is made for the Special Trustee.

> With regard to the Sa-Jes Trust, a Trustee and a Special Trustee are appointed by the trust document. The Trustee is Mr. William E. Logan, Jr., a citizen of Texas. The Special Trustee is Mr. Thomas R. Juneau, a citizen of Louisiana. However, both Texas law and the trust documents make it clear that Mr. William Logan has all powers of a trustee under Texas law, would be named as the party to any litigation brought on behalf of the Trust or against the Trustee, and has all powers over the trust's assets.
>
> The Special Trustee's authority is limited to "accumulation of income, invasion of principal, making loans from the trust, early termination, or exercising any other power which would result in the trust property being included in the Settlor's estate" and would serve as successor trustee to William E. Logan, Jr. In other words, the special trustee's role is limited to ensuring that trust assets are not included in William E. Logan's estate and taking over as successor trustee (which has not occurred). The extent of William E. Logan, Jr.'s authority means that he "possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." Navarro, 446 U.S. at 464. Accordingly, only the citizenship of Mr. William Logan should be considered.

[Doc. 163, pp. 4-5 (internal footnotes and citations omitted)]

This Court has examined every legal authority cited by plaintiff in this portion of his brief and none stand for the proposition he asserts: *i.e.*, in a situation with more than one trustee, where each trustee has different duties, the Court can choose to disregard the citizenship of one trustee for purposes of determining diversity jurisdiction. This Court's research has found no cases holding the citizenship of a trust is determined by less than all of its trustees. *See e.g.* Bass v. International Broth. of Boilermakers, 630 F.2d 1058, 1057 (5th Cir. 1980)("The citizenship of unincorporated associations for diversity purposes is that of each of its trustees... The record does not indicate the citizenship of the six trustees. Therefore, complete diversity of citizenship has not been shown to exist and jurisdiction cannot rest on 28 U.S.C. § 1332."). Moreover, the Fifth Circuit rejected a similar argument in Temple Drilling, Co. v. Louisiana Ins. Guar. Ass'n., 946 F.2d 390 (5th Cir. 1991).

In Temple Drilling, a Texas corporation filed suit in federal district court, premised upon diversity, against the Louisiana Insurance Guarantee Association ("LIGA"), seeking to recover judgments it had personally paid to personal injury plaintiffs due to its insurer becoming insolvent. The court found LIGA is an unincorporated association of member insurers, and some of those member insurers are citizens of the State of Texas. The plaintiff argued the Court should not look to all members of LIGA, as required by Carden,[12] arguing Carden addressed only the citizenship of voluntarily formed artificial entities. Because LIGA is involuntary, and is a mandatory condition of doing business in Louisiana, plaintiff argued other members of LIGA had virtually no interest in the outcome of the litigation, and therefore the citizenship of all of LIGA's members should not be considered for diversity purposes. The Fifth Circuit rejected that argument stating, "we see no reason to interpret the Supreme Court's holding in Carden as limited to voluntarily formed entities." Temple Drilling at 393.

The Court also finds persuasive the reasoning of a Seventh Circuit case, May Dep't Stores, Co. v. Federal Ins. Co., 305 F.3d 597, 599 (7th Cir. 2002), which held as follows:

> The May plan is a trust, and for diversity purposes a trust is a citizen of whatever the state the trustee is a citizen of. The trustee of the May plan, the Bank of New York, happens to be a citizen of the same state as one of the defendants, and so the requirement of complete diversity is not satisfied. Against this conclusion the defendants argue that since the Bank of New York was merely a "directed" trustee, meaning that its decisions regarding the investment of the trust assets were dictated by the plan administrator, the latter should be considered the "real" trustee for diversity purposes. But it would be a mistake to complicate the ascertainment of jurisdiction by making it turn on the precise division of responsibilities between the plan trustee and the plan administrator. We have in the past resisted efforts to base determinations of citizenship on functional considerations, and we will continue to do so.

---

[12]*See* n.5.

May, at 599 (internal citations omitted).[13]

This Court agrees with the reasoning in May: it would be a mistake to complicate the ascertainment of jurisdiction in this matter by making it turn on the precise division of responsibilities between the Trustee and the Special Trustee.[14] Accordingly, the Court finds the citizenship of the Sa-Jes Trust is that of both of its Trustees - *i.e.* Texas and Louisiana.[15] "Because the establishment of a basis for the exercise of subject matter jurisdiction is the sine qua non of federal litigation, . . . it is the party who urges jurisdiction upon the court who must always bear the burden of demonstrating that the case is one which is properly before the federal tribunal." B., Inc. at 549. Plaintiff has failed to carry that burden. As the Court finds both Hit or Miss and the Sa-Jes Trust are citizens of both Louisiana and Texas, and because plaintiff is also a citizen of Louisiana, diversity jurisdiction is not present. Accordingly, the Complaint is DISMISSED WITH

---

[13]*See also* RESTATEMENT (THIRD) OF TRUSTS § 81 (2007) ("Duty With Respect to Co-Trustees").

[14]Again, as noted in Carden, the "complexity [of such a question] is particularly unwelcome at the threshold stage of determining whether a court has jurisdiction," and is best left to Congress.

[15]Even were this Court to accept plaintiff's underlying premise - *i.e.* that the Court should examine the respective duties of the trustees, and then make a determination as to which trustee(s) will determine citizenship of the trust - it would still find the Sa-Jes trust has the citizenship of both its Trustees. Plaintiff's argument that in this matter, "the special trustee's role is limited to ensuring that trust assets are not included in William E. Logan's estate and taking over as successor trustee," is belied by the trust document itself. [Doc. 163, pp.4-5] As plaintiff notes in his brief, the trust provides, "The Special Trustee shall make all decisions related to accumulation of income, invasion of principal, making loans from the trust, early termination, or exercising any other power which would result in the trust property being included in the Settlor's estate." [Id.; *see also* Doc. 163-2, p.1] Whether or not Gregory Logan is granted the relief he requests (*i.e.* a declaration from this Court confirming his authority to continue to serve as manager) certainly seems to have bearing upon the trust's "accumulation of income," and perhaps the "invasion of principal." The trust, as a member of Hit or Miss, obviously has an interest in who serves as manager of Hit or Miss, as a poor manager could lead to the dissipation of income, as well as the withdrawal of principal. As these issues have direct bearing on Mr. Juneau's duties as Special Trustee, the Court would not disregard his citizenship for diversity jurisdiction purposes.

-9-

PREJUDICE.[16]

By the same reasoning, the Court finds diversity jurisdiction does not exist over the counterclaim asserted in this matter by Travcal Properties, L.L.C., Hit or Miss, L.L.C. and Win or

---

[16]Plaintiff argues the Court should not look to the beneficiaries of the Trust for diversity purposes. Plaintiff premises his argument on his interpretation of the following cases: Hummel v. Townsend, 883 F.2d 367 (5th Cir. 1989)(presiding bishop of church organized as an unincorporated association, who claimed trusteeship over all church property, did not carry his burden of proof and show that the organization of the church was such that only his citizenship, rather than that of the entire membership of the church, was determinative for diversity purposes); Navarro Saving's Assoc. v. Lee, 446 U.S. 458 (1980)(trustees of business trust, who had legal title, managed the assets of the trust, and controlled the litigation, were real parties to the controversy and thus could invoke diversity jurisdiction on the basis of their citizenship, rather than that of the trust's beneficial shareholders); Carden v. Arkoma Associates, 494 U.S. 185 (1990)(in a suit brought by a limited partnership, the citizenship of the limited partners, and not merely the general partners, must be taken into account to determine diversity of citizenship among the parties).

Although the Court has not looked to the citizenship of the trust's beneficiaries to determine citizenship of the trust, the Court finds the support for plaintiff's argument is not as clear as plaintiff argues. In Carden, the general partners argued they had exclusive and complete management and control of the operations of the partnership, bore the risk of liability for the partnership's debts, etc., and therefore the citizenship of the limited partners should not be attributed to the partnership. The Supreme Court disagreed, stating as follows:

> This approach of looking to the citizenship of only some of the members of the artificial entity finds even less support in our precedent than looking to the State of organization . . . . We have never held that an artificial entity, suing or being sued in its own name, can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members. . . .
>
> To support its approach, [defendant] seeks to press Navarro into service once again, arguing that just as that case looked to the trustees to determine the citizenship of the business trust, so also here we should look to the general partners, who have the management powers, in determining the citizenship of this partnership. As we have already explained, however, Navarro had nothing to do with the citizenship of the "trust," since it was a suit by the trustees in their own names.

Carden at 192. While most appellate courts examining this issue since the Navarro and Carden cases have found that a trust has the citizenship of its trustee or trustees, a compelling argument is made by the Third Circuit that the citizenship of a trust is determined by the citizenship of its trustees and its beneficiaries. Emerald Investors Trust v. Gaunt Parsippyny Partners, 492 F.3d 192 (3rd Cir. 2007). However, the Court need not determine this issue, as it finds diversity jurisdiction is lacking over the Sa-Jes Trust, regardless of the citizenship of its beneficiaries.

Lose, L.L.C. against Gregory J. Logan, Sr., Hit or Miss, L.L.C. and Win or Lose, L.L.C.[17]

Accordingly, the counterclaim is also DISMISSED WITH PREJUDICE.[18]

As all claims have now been dismissed, the parties are ORDERED to submit a FINAL judgment, approved as to form, within fifteen days of issuance of this ruling.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___15___ day of ___April___, 2009.

```
_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT COURT
```

---

[17] Even were the Court to sort out the quagmire of who is merely a nominal party and who is a real party in interest to the counterclaim, at the very least, either Travcal is asserting a claim against Gregory Logan and Hit or Miss, or Travcal and Hit or Miss are asserting a claim against Mr. Logan. Under either scenario, diversity jurisdiction is not present.

[18] At its core, this lawsuit involves a business dispute between two Louisiana attorneys, both of whom are from Louisiana families, with long-term ties to the Louisiana legal community. As long ago noted by the Supreme Court, "The theory upon which jurisdiction is conferred on the courts of the United States, in controversies between citizens of different States, has its foundation in the supposition that, possibly, the state tribunal might not be impartial between their own citizens and foreigners." Pease v. Peck, 59 U.S. 595, 599 (1855). Regardless of the myriad of business entities the parties have created, which have resulted in this jurisdictional morass, the purpose of diversity jurisdiction is not served here, when one looks to the core of the dispute between the parties.

-11-